UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,  )
                           )
                           )
                           )
    v.                     )    Criminal No. 07-10040-RWZ
                           )
PHILIP HERZBERG,           )
        Defendant.         )

**PRELIMINARY ORDER OF FORFEITURE**

ZOBEL, D.J.

WHEREAS, on January 31, 2007, a federal grand jury sitting in the District of Massachusetts returned a seven-count Indictment charging defendant Philip Herzberg (the "Defendant") with Receipt of Child Pornography in violation of 18 U.S.C. § 2252(a)(2)(Counts One through Six); and Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B)(Count Seven);

WHEREAS, the Indictment also sought the forfeiture, pursuant to 18 U.S.C. § 2253, as a result of committing the offenses alleged in Counts One through Seven of the Indictment, of (1) any visual depictions which were produced, transported, mailed, shipped, or received in violation of law; (2) all property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and (3) all property, real or personal, used or intended to be used to commit, or to promote the commission of the offenses, and such property included, but was not limited to, computers and computer media seized on or

1

about September 15, 2006;

WHEREAS, the forfeiture allegation also provided that if the above-described property, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it was the intention of the United States, pursuant to 18 U.S.C. § 2253(o), to seek forfeiture of any other property of the Defendant up to the value of the property above;

WHEREAS, on March 2, 2007, the United States filed a Bill of Particulars for Forfeiture of Assets, providing the Defendant notice that the United States sought forfeiture of the following items which were seized on September 15, 2006:

1. One (1) E-Machines Tower serial number CA146K0005586;
2. One (1) Maxtor hard drive serial number L3J7WTRC;
3. One (1) Quantum hard drive serial number LC20A011;
4. Nineteen (19) computer storage media;
5. Twenty-six (26) VHS-tapes;
6. One (1) Bag containing photographic images; and
7. Three (3) rolls of film,

(collectively, the "Properties");

2

WHEREAS, on July 11, 2007, the Defendant pled guilty to Counts One through Seven of the Indictment pursuant to a written plea agreement; and

WHEREAS, in Section Eight of the plea agreement, the Defendant agreed to forfeit the Properties which the Defendant admitted were subject to forfeiture, pursuant to 18 U.S.C. § 2253, because they which the Defendant admitted constitute visual depictions described in 18 U.S.C. §§ 2251, 2251A or 2252; books, magazines, periodicals, films, videotapes, or other matter which contain any such visual depictions; property constituting or traceable to gross profits or other proceeds obtained from such offenses; and/or property used, or intended to be used, to commit or to promote the commission of such offense.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the Defendant's guilty plea and his admissions in the plea agreement, that the government has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty. Accordingly, all of the Defendant's interest in the Properties are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 2253.

2. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Properties and maintain them in its secure custody and control.

3. Pursuant to 18 U.S.C. § 2253, the United States shall publish, at least once for three successive weeks in the <u>Boston Herald</u> or any other newspaper of general circulation in the district, notice of this Order, and of the United States' intent to dispose of the Properties pursuant hereto.

4. Pursuant to 18 U.S.C. § 2253, the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Properties to be forfeited.

5. Pursuant to 18 U.S.C. § 2253, the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Properties, shall, within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties, the time and

circumstances of the petitioner's acquisition of the right, title, or interest in the Properties, any additional facts supporting the petitioner's claim, and the relief sought.

6. Pursuant to 18 U.S.C. § 2253, following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 18 U.S.C. § 2253 for the filing of such petitions, the United States of America shall have clear title to the Properties. At that time, the Court shall enter a Final Order of Forfeiture addressing all alleged interests in the Properties.

7. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

*/s/ Rya W. Zobel*
RYA W. ZOBEL
United States District Judge

Date: August 30, 2007